NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

HECKLER ELECTRIC COMPANY, INC., :
                                Plaintiff, :
                                           :
        v.                                 :
                                           :
LIBERTY MUTUAL INSURANCE                   :
COMPANY and JERVIS B. WEBB                 :     **Civil Action No. 14-1121 (SRC)**
COMPANY,                                   :
                        Defendants.        :     **OPINION**
                                           :
                                           :
                                           :
JERVIS B. WEBB COMPANY,                    :
                    Third-Party Plaintiff, :
                                           :
        v.                                 :
                                           :
BERKLEY REGIONAL INSURANCE                 :
COMPANY,                                   :
                                           :
                Third-Party Defendant.     :

**CHESLER**, District Judge

        This matter comes before the Court on the motion of Third-Party Defendant Berkley

Regional Insurance Company ("Berkley") for summary judgment, pursuant to Federal Rule of

Civil Procedure 56, and for sanctions, pursuant to Federal Rule of Civil Procedure 11 [Docket No.

36], and also upon the cross-motion for summary judgment of Third-Party Plaintiff Jervis B. Webb

Company ("Webb") [Docket No. 40].  For the reasons that follow, the Court will deny Berkley's

motion for summary judgment without prejudice.  The Court will also deny Webb's cross-motion

for summary judgment without prejudice.  Berkley's motion for  Rule 11 sanctions will also be

denied.

I. **BACKGROUND**

The instant dispute arises out of Berkley's denial of Webb's claims against a performance bond and payment bond issued in conjunction with a construction contract for the installation of a baggage handling system at Newark International Airport. The following facts are not in dispute. Webb subcontracted the electrical work on the project to Heckler Electric Company, Inc. ("Heckler"), as governed by the "Heckler Subcontract." Heckler, in turn, hired non-party S&J Electrical Contractors ("S&J") to perform the labor. In accordance with the Heckler Subcontract, Heckler secured a performance bond and payment bond in the amount of $8,982,500, the Heckler Subcontract price, in favor of Webb, with Heckler as the bonded principal and Berkley as the surety. The bonds assured the performance and completion of the Heckler Subcontract in the event of Heckler's default and guaranteed payment to eligible subcontractors for "labor, materials and equipment furnished for use in the performance of the [Heckler Subcontract.]" (Performance Bond § 1; Payment Bond § 1.)

Webb alleges that Heckler experienced numerous difficulties with the project, including failing to meet payment obligations to S&J. As a result, Webb contends that it invoked its right under the Heckler Subcontract to pay S&J directly in order to "keep S&J from walking off the job[.]" (Kahn Decl., Exs. C, D.) Between February 5, 2014 and March 6, 2014, Webb claims that it remitted $1,138,051.67 to S&J.

Citing Heckler's failure to properly pay S&J and other deficiencies, Webb declared Heckler's default on February 24, 2014, and terminated the Heckler Subcontract. Webb and S&J then entered into an agreement (the "Amended Purchase Order") for S&J to provide labor and materials to continue the electrical work for the installation of the baggage handling system. Webb and S&J developed a project schedule. The Amended Purchase Order also contained a provision

purporting to assign to Webb S&J's rights to any claims against Heckler and/or Berkley stemming from Heckler's failure to compensate S&J for services provided for the project (Am. Purchase Order ¶ 12).

Webb submitted claims under both bonds, requesting Berkley to complete the Heckler Subcontract or to pay Webb's damages in accordance with the terms of the performance bond, and to pay Webb under the payment bond for the $1,138,051.67 that Webb remitted to S&J.  Berkley's denial of liability led Webb to file the instant Third-Party Complaint, alleging breaches of the performance and payment bonds, in response to litigation initiated by Heckler.  On June 26, 2015, Berkley moved for summary judgment on both claims and for Rule 11 sanctions for frivolous filing of the Third-Party Complaint.  Webb opposed the motion and cross-moved for summary judgment.

DISCUSSION

A.  Legal Standard for Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that a "court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (construing the similarly worded Rule 56(c), predecessor to the current summary judgment standard set forth in Rule 56(a)).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."

*Celotex*, 477 U.S. at 325.  "When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party."  *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991)).  In considering a motion for summary judgment, a district court "must view the evidence 'in the light most favorable to the opposing party.'"  *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).  It may not make credibility determinations or engage in any weighing of the evidence.  *Anderson*, 477 U.S. at 255; *see also Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (holding same).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish the existence of a genuine issue as to a material fact.  *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985).  "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."  *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001), overruled on other grounds by *Ray Haluch Gravel Co. v. Cent. Pension Fund of the Int'l Union of Operating Eng'rs and Participating Emp'rs*, 134 S.Ct. 773 (2014).  However, the party opposing the motion for summary judgment cannot rest on mere allegations; instead, it must present actual evidence that creates a genuine issue as to a material fact for trial.  *Anderson*, 477 U.S. at 248; *see also Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990) (holding that "unsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment").

### B.  Breach of Performance Bond Claim

Webb seeks damages stemming from Berkley's failure to perform and complete the Heckler Subcontract, or to compensate Webb, in accordance with the performance bond.  Berkley asks the Court to rule that Webb's own breach of the bond's terms and conditions released Berkley from all obligations.

In support of its motion for summary judgment, Berkley argues that following Heckler's termination, Webb sought to take control of the project and hired S&J to complete Heckler's scope of work under the Heckler Subcontract, without notice to or involvement from Berkley in the decision.  In bypassing Berkley to find a replacement contractor, Berkley claims that Webb failed to comply with the performance bond's condition precedent requiring Webb to "agree[] to pay the Balance of the Contract Price . . . to [Berkley] or a contractor selected to perform the [Heckler Subcontract,]" before Berkley's obligations under the bond "shall arise[.]"  (Performance Bond § 3.3.)  Berkley argues that the right to elect a method to fulfill the Heckler Subcontract, among the options enumerated in Section 5 of the bond, is reserved to the surety.  By unilaterally deciding to "self-perform" with S&J, Berkley alleges that Webb breached the terms of the bond and discharged Berkley's obligations.

Webb denies hiring S&J as Heckler's replacement and counters that it retained S&J on an interim basis.  In its favor, Webb highlights, among other evidence, the fact that the Amended Purchase Order contains a termination provision allowing either party to "terminate this Purchase Order . . . at any time for any reason or no reason whatsoever on or before March 14, 2014."  (Am. Purchase Order ¶ 9.)  Webb explains that this language was specifically negotiated to give Berkley time to investigate Webb's claim, while keeping the project moving forward in order to avoid the imposition of delay damages against Webb, Heckler, and/or Berkley.  The termination option

raises a factual dispute on the record before the Court as to whether Webb's engagement of S&J amounted to an election to "self-perform" that irrevocably precluded Webb from tendering the unspent contract funds to Berkley, and precluded Berkley from determining how to perform and complete the Heckler Subcontract.  Because a dispute of material fact exists, Berkley's motion for summary judgment will be denied without prejudice.

The Court will also deny Webb's cross-motion for summary judgment without prejudice. There is sufficient evidence on the record in Berkley's favor to prevent Webb from showing that no factual dispute exists regarding Webb's compliance with performance bond terms.  In support of its argument that Webb hired S&J as a replacement contractor for Heckler, Berkley highlighted the following facts: after terminating Heckler, Webb continued to spend contract funds for the project without direction from Berkley; negotiated a project schedule with S&J that included milestones through completion; and  made what could be construed as admissions of its intent to finish the work with S&J in certain communications, such as Webb's March 6, 2014, letter to its client, stating that "Webb is now contracting directly with S&J Electric to complete the project." (Kahn Decl., Ex. N.)  Based on the foregoing, Webb cannot establish its entitlement to summary judgment.  Accordingly, Webb's motion for summary judgment will be denied without prejudice.

The Court will also note that the record presently before it – limited to declarations, operative agreements, and select communications – is incomplete to resolve Webb's performance bond claim.

### C.  Breach of Payment Bond Claim

Webb seeks compensation under the payment bond for $1,138,051.67 – the sum of payments that it remitted to S&J because Heckler allegedly failed to meet its obligations to the subcontractor.  Webb asserts rights under the bond through assignment of S&J's claims against

Heckler and/or Berkley for labor, materials, and equipment provided for the baggage handling system installation, for which Heckler did not compensate S&J.  Berkley argues that S&J has no claim because S&J has been paid in full for all work that it performed for Heckler.  However, Berkley does not address the operative effect of the assignment.  Yet, Webb also fails to provide evidence to clearly demonstrate what work was performed, when the work was performed, and pursuant to which purchase order.[1]  The record likewise does not sufficiently explain the circumstances that allegedly forced Webb to directly pay S&J in the first place.  Because the Court cannot determine the rights of the parties on the record before it, the parties' motions for summary judgment on the payment bond claim will be denied without prejudice.

### D.    Rule 11 Sanctions

Berkley's motion for sanctions, grounded in the argument that the claims in Webb's Third-Party Complaint have no basis in law or fact, is meritless.  Federal Rule of Civil Procedure 11 imposes an affirmative duty upon an attorney and/or party to conduct a reasonable inquiry into the factual and legal bases of all claims before filing any document with the Court, and gives the Court discretion to impose appropriate sanctions for violations.  *See* Fed. R. Civ. P.  11(b), (c).  In determining whether a party or attorney has violated the duties of Rule 11, the Court must apply an objective standard of reasonableness under the circumstances.  *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 93 (3d Cir. 1988).  The claims asserted in the Third-Party Complaint survived Berkley's motion for summary judgment, illustrating that the Third-Party Complaint is not frivolous.  Even if summary judgment were granted in Berkley's favor, sanctions are warranted only in "exceptional circumstances" not existent here.  *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483

---

[1] The parties have attached a "Heckler Electric Account Summary" as of 3/10/14, which contains a list of payments and parenthetical dates, which the Court can only infer are the periods of work to which the payments are allocable. However, the document is only a summary accounting of the contract balance and is insufficient to provide the information the Court needs to resolve the claim.

(3d Cir. 1987) (quoting *Morristown Daily Record, Inc. v. Graphic Commc'ns Union Local 8N*, 832 F.2d 31, 32 n.1 (3d Cir.1987)).

## II.  CONCLUSION

For the foregoing reasons, the Court will **DENY** Berkley's motion for summary judgment without prejudice and **DENY** Berkley's motion for Rule 11 sanctions.  The Court will also **DENY** Webb's motion for summary judgment without prejudice.  An appropriate Order will be filed.

    s/ Stanley R. Chesler    
STANLEY R. CHESLER
United States District Judge

Dated: November 20, 2015